

**Claudia Van Wyk**
Senior Staff Attorney
Capital Punishment Project
Trone Center for Justice & Equality

June 23, 2023

Lyle W. Cayce
Clerk of Court
600 S. Maestri Place
Suite 115
New Orleans, LA 70130-3408

Re:  *Tabler v. Lumpkin*, No. 22-70001

Dear Mr. Cayce:

I write, pursuant to Rule 28(j), to call the Court's attention to portions of its recent decision in *Mullis v. Lumpkin*, No. 21-70008, 2023 WL 4057540 (5th Cir. June 19, 2023), bearing on the issues presented in Appellant Tabler's case.

*First*, *Mullis* held that recent Supreme Court decisions did not affect Circuit precedent holding that "evidence outside the state record is admissible . . . for the limited purpose of establishing an excuse for procedural default[.]" *Id*. at *3 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). That principle alone allows this Court to consider extra-record evidence of cause and prejudice, and then address the merits of the ineffective assistance claims in Point II of the merits brief and Point II.C.5 of the COA application.  *See* Appellant's Merits Brief at 49.

*Second*, *Mullis* held that state habeas counsel reasonably accepted the conclusions of a mental health expert who found Mullis competent to waive his state habeas rights, because they had adequately informed the expert of the "contours of Mullis's diagnoses and mental-health history."  *Id*. at *5.  Mr. Tabler's counsel, in contrast, abandoned him at the waiver hearing, declining to advocate for him and withholding important information, including a detailed neuropsychologists's report showing that Mr. Tabler was severely mentally ill, which counsel could have used to establish that the attempted waiver was involuntary and incompetent.  Moreover, unlike Mullis's counsel, they (1) did not know the deadline to waive, (2) failed to continue investigating until that deadline, as Texas law requires, (3) gave Mr.



Tabler inaccurate advice about the deadline (on which he relied), and, (4) because they conducted almost no investigation, could not advise him about what evidence they could have presented. The undiscovered evidence included two highly mitigating, congenital medical illnesses, Klinefelter's Syndrome ("extra X chromosome" syndrome), and Fetal Alcohol Spectrum Disorder.

*Mullis*, by virtue of its contrasts with Mr. Tabler's case, reinforces the grounds for finding cause and prejudice under *Martinez* to excuse the default of his state habeas rights, and also underscores one of the grounds for ordering an evidentiary hearing on *Martinez*-based cause.

Very truly yours,

*Claudia Van Wyk*

Claudia Van Wyk
Senior Staff Attorney

encl.

cc: Ari Cuenin, Assistant Attorney General

201 W. Main Street, Suite 402, Durham, NC 27701 | cvanwyk@aclu.org | 919-433-8533